■ EVARISTO COTRICHE, as Administrator of the Estate of NICLA COTRICHE, Deceased, et al., Appellants, v ST. VINCENT'S HOSPITAL et al., Respondents.—Order, Supreme Court, Bronx County, entered May 12, 1975, unanimously affirmed, without costs, and without disbursements. It appears, however, that the complaint, though inartistically drawn, sets forth an attempt to state a cause of action for the decedent's conscious pain and suffering, as well as a derivative cause in favor of the surviving husband. In the interest of justice, we grant leave to plaintiff-appellant, within 30 days of service of a copy of the order entered hereon, to serve a new complaint containing these causes, properly pleaded, and without the cause dismissed by reason of limitation of time. Concur—Markewich, J. P., Lupiano, Silverman, Lane and Yesawich, JJ.

■ NORMA PONARD, Respondent, v HUBERT PONARD, Appellant.—Judgment, Supreme Court, New York County, entered on August 20, 1975, in favor of plaintiff in the sum of $5,858.30, unanimously affirmed, without costs and without disbursements. Order, Supreme Court, New York County, entered on January 27, 1976, denying defendant's motion for an order directing the entry of satisfaction in full of the judgment of August 20, 1975, but directing entry of partial satisfaction in an amount consented to by the parties, unanimously modified, on the law and on the facts, to the extent of directing the entry of satisfaction in full of the judgment and, as modified, the order is affirmed, without costs and without disbursements. The two checks presented by defendant to plaintiff covering the amount of the judgment appealed from, with interest, one of which was seized by the Internal Revenue Service, pursuant to the notice of levy served by it upon defendant for employees' withholding and Social Security taxes owed by plaintiff, constituted payment in full of that judgment. Once the defendant was served with the notice of levy for taxes owed by plaintiff he became obligated to pay such sum to the IRS, on plaintiff's behalf, or become personally liable therefor (plus penalties) upon his failure to do so (Internal Revenue Code, § 6332, subds [a], [c]). Satisfaction of the tax lien discharged defendant from "any obligation or liability to the delinquent taxpayer [plaintiff] with respect to such property or rights to property arising from such surrender or payment". (Internal Revenue Code, § 6332, subd [d].) Defendant having paid the full amount of the judgment, no useful purpose would be served by modification thereof. But, because of such payment, the county clerk should be directed to "make an entry of the satisfaction * * * on the docket of the judgment" (CPLR 5021, subd [a]). Concur—Kupferman, J. P., Birns, Capozzoli, Nunez and Yesawich, JJ.